Eastern District of Kentucky
FILED
APR 20 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> *Ex Rel.* ) <br> RAINMAKER FINANCIAL, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> GARRARD COUNTY, KENTUCKY, et al.,) <br> ) <br> Defendants. ) | Civil Action No. 03-459-KSF <br><br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of the motion of the Defendants Garrard County, Kentucky, Garrard County Memorial Hospital, Inc., and Garrard County Long Term Care Facility, Inc., for an enlargement of time and oral argument. [DE #30] The Plaintiff has responded [DE #31] and the Defendants replied [DE #32]. Accordingly, the motion has been fully briefed and is ripe for review.

The factual background and procedural history of this case have, for the most part, been adequately set forth in the record and will not be repeated herein, except where necessary.

I.  **Motion for Enlargement of Time Pursuant to Fed.R.Civ.Proc. 6(b) and 12(a)(4).**

Through their motion, the Defendants seek an extension of time pursuant to Rules 6(b) and 12(a)(4) of the Federal Rules of Civil Procedure in which to file their responsive pleading to the Complaint. [DE # 30] Although the Plaintiff initially stated in response that it objects to such enlargement, it also states that the "Court should require defendants to respond to the merits of this case." [DE #31, p. 2]

This action was initiated in October 21, 2003. After an unusual procedural history, including

-1-

a sealed Complaint and two motions to reconsider and/or amend, the Court entered an Opinion and Order on February 23, 2005, denying the Defendants' last motion to amend the Court's decision to deny the Defendant's motion to dismiss. Due to this, at times, confusing procedural history and the sealing of the Complaint at first, the Defendants have not filed an Answer. They filed the instant motion asking for an enlargement of time in which to do so. This matter has now been proceeding for over eighteen months. Although Defendants ask for an extension to file a "responsive pleading", this request is somewhat vague and ambiguous as to -what- pleading they wish to file. Considering the delay that this case has experienced due to multiple motions to reconsider, the Court finds that such an extension of time should be granted. See L.R. 7.1. Accordingly, the Defendants are given leave to file an Answer, and only an Answer, within ten (10) days. Fed.R.Civ.Proc. 12(b)(4).

## II. Motion for Oral Argument.

The Defendants have also requested oral argument, alleging that there are portions of their June 30, 2004, Motion to Dismiss which remain pending. They contend that their motion to dismiss has only been partially resolved, and that there are four remaining bases for dismissal. In order to clarify this matter and assist the parties in understanding the Court's prior decisions, the Court iterates the following.

First, the Plaintiff has sufficiently stated a cause of action against Garrard County. Paragraphs 9 and 10 of the Complaint allege that Garrard County entered into contractual arrangements with HealthCorp to manages its county nursing homes and hospital. [DE #1, ¶¶ 9-10] The county created the hospital and nursing homes to engage in services covered by Medicare.[DE #1, ¶ 11] Although HealthCorp allegedly operated the hospital and nursing homes, those entities were responsible for filing certain forms and expense reports. [DE #1, ¶¶ 12-13] If, as alleged by the Plaintiff, those entities failed to do so, or fraudulently filed reports, then Defendant Garrard County might be liable.

-2-

[DE #1, ¶¶ 16-23, 37-43] Thus, the Complaint sufficiently alleges a cause of action against Garrard County.

Second, the Complaint sufficiently alleges a False Claims Act claim under 31 U.S.C. § 3729 in Count II. [DE #1, ¶¶ 44-61] Defendants seem to want the Plaintiff to prove its entire case through the Complaint. This is not necessary at this stage of the proceedings. Fed.R.Civ.Proc. 12. Rather, reviewing the allegations of Count II, the Court believes that the Plaintiff has set forth sufficient facts to supports it cause of action at this point.

Third, Defendants claim that the Plaintiff has not alleged fraud with sufficient particularity. The Court does not agree, as the Complaint sufficiently identifies the reports, when they were filed, and the lines of the worksheet. The Defendants then claim that the Plaintiff has failed to allege a specific dollar amount, however. This also is insufficient. The Plaintiff is not required to plead every penny that might have been paid as the result of fraud at this stage in litigation. That is precisely what discovery is designed to allow. Further, the injury has been pled with sufficient particularity - fraudulent overpayments. The remaining objections that the Defendants raise are based upon ignoring the plain allegations set forth in the Complaint.

As a result, to the extent that any questions remained concerning the Defendants' motion to dismiss, it has now been resolved completely and no issues remain to be discussed. Although the Defendants seek oral argument, having resolved all issues, there is no need for any hearing or oral argument on it. Thus, the motion for oral argument will be denied.

For the reasons discussed herein, and the Court being otherwise sufficiently advised, it is hereby ORDERED that:

(1) The Defendants' Motion for Enlargement of Time [DE #30] is GRANTED;

(2) The Defendants are given ten (10) days from the entry of this Opinion and Order to

file an Answer;

(3)　The Defendants' Motion for Oral Argument [DE #30] is DENIED.

This _20th_ day of April, 2005.

　　　　　　　　　　　　　　　　　_KSF_
　　　　　　　　　　　　　　　　　KARL S. FORESTER, CHIEF JUDGE